IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| ROBERT-CHARLES DUKES, | ) ) ) | |
| Plaintiff, | ) ) | No. 23-908 |
| v. | ) ) | Filed: December 19, 2023 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert-Charles Dukes, proceeding pro se, filed a Complaint alleging numerous violations of federal statutes in relation to his removal from the United States Postal Service ("Postal Service") in 2002 and subsequent proceedings before the Merit Systems Protection Board ("MSPB"). *See* Pl.'s Compl. at 1–3, ECF No. 1. Before the Court is the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons stated below, the Court **GRANTS** the Government's Motion.

**I. BACKGROUND**

Mr. Dukes was first hired by the Postal Service as a full-time distribution clerk on April 23, 1973. *Dukes v. U.S. Postal Serv.*, 95 F. App'x 348, 349 (Fed. Cir. 2004). Due to Mr. Dukes' "failure to be in regular attendance," he was removed from the position effective March 29, 1974. *Id.* Mr. Dukes applied for another position with the Postal Service on December 19, 1983. *Id.* The application asked whether Mr. Dukes was "a former federal civilian employee not now employed by the U.S. Government," to which Mr. Dukes responded in the negative. *Id.*; ECF No.

1 at 7, 10.  Mr. Dukes was then hired by the Postal Service as a Flat Sorter Machine Operator.  *Dukes*, 95 F. App'x at 349.

During this second term of employment, Mr. Dukes filed a series of appeals with the MSPB in connection with his termination from his first term of employment.  *Id.*  While the Postal Service was investigating Mr. Dukes' claims, the board discovered that Mr. Dukes had falsified his 1983 application for employment by indicating that he had not been formerly employed by the Government.  *Id.*  As a result, the Postal Service removed Mr. Dukes from his position effective March 8, 2002.  *Id.*; ECF No. 1 at 5.  Mr. Dukes alleges that Postal Service officials terminated his employment in retaliation for an equal employment opportunity complaint he filed alleging discrimination.  ECF No. 1 at 6, 9.  He appealed his removal to the MSPB on April 30, 2002.  *Dukes*, 95 F. App'x at 349.  The MSPB held that (1) Mr. Dukes had falsified his application; (2) Mr. Dukes' removal was not in retaliation for his prior appeals or equal employment opportunity claims; and (3) the Postal Service's removal penalty was reasonable.  *Id.*  Mr. Dukes' petition for review by the full board of the MSPB was denied on September 30, 2003.  *Id.* at 350.

Mr. Dukes then filed a petition for review with the United States Court of Appeals for the Federal Circuit.  *Id.*  First, Mr. Dukes challenged the board's denial of his petition for review for failure to give reasons for the denial.  *Id.*  The Court found that argument to be without merit as the board's order stated that the petition was denied for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d) (no new, previously unavailable evidence).  *Id.*  Mr. Dukes next argued that the application question at issue is commonly misunderstood by applicants, citing the board's decision in *Andrews v. United States Postal Service*, No. AT-0752-96-0354-I-1 (M.S.P.B. May 17, 1996).  *Id.*  The Court distinguished Mr. Dukes' case from the applicant in *Andrews* because the applicant there had indicated in response to another question that he had been

previously terminated by the Postal Service. *Id.* Thus, the Court held that *Andrews* did not undermine the administrative judge's finding that Mr. Dukes' responses were "disingenuous" and "evasive," and that he intentionally omitted his prior Government employment. *Id.* at 350–51. Mr. Dukes then asserted that he was not given a fair hearing because union representatives who were present at the hearing were called to testify. *Id.* at 351. Though the Court recognized this procedure as "unusual," it was not held as inconsistent with law, rule, or regulation. *Id.* With respect to the alleged retaliation, the Court held that Mr. Dukes failed to provide sufficient evidence to support these claims. *Id.* Lastly, the Court upheld the board's determination that removal was a reasonable penalty. *Id.* at 351–52. Accordingly, the Court affirmed the MSPB's decision. *Id.* at 352.

On August 30, 2006, Mr. Dukes filed a complaint in the United States District Court for the Northern District of Georgia, seeking review of the MSPB's adjudication of whether his removal was proper and alleging he had been retaliated against for discriminatory reasons. *See Dukes v. U.S. Postal Serv.*, No. 1:06-CL-2042-BBM, 2007 WL 9702342, at *3 (N.D. Ga. Jan. 22, 2007). The court held that it lacked jurisdiction over Mr. Dukes' case because he chose to appeal to the Federal Circuit, thereby waiving his right to pursue his discrimination claims in federal district court. *Id.* at *4–5.

Plaintiff filed suit in this Court on June 12, 2023. *See generally* ECF No. 1. He alleges several statutory violations related to his "wrongful removal" and subsequent MSPB appeal. *Id.* at 1–3. He asks this Court to "re-open" the MSPB case and "determine the violations committed by the named Defendants[.]" *Id.* at 1. In addition, Plaintiff requests that this Court remand his case to the MSPB and grant compensatory relief. *Id.* at 13. The Government moved to dismiss

Plaintiff's Complaint for lack of subject-matter jurisdiction on August 15, 2023.  *See* Def.'s Mot. to Dismiss, ECF No. 7.

## II.  LEGAL STANDARDS

Before considering the merits of a claim, the Court must ensure the action is within its subject-matter jurisdiction.  *See* RCFC 12(b)(1), (h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (affirming that subject-matter jurisdiction "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'" (quoting *Mansfield v. Swan*, 111 U.S. 379, 382 (1884))).  If the Court determines that it lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the case."  *Steel*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

The Tucker Act, 28 U.S.C. § 1491, provides the Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976); *see United States v. Navajo Nation* (*Navajo II*), 556 U.S. 287, 290 (2009) (noting the Tucker Act does not create a substantive right but acts simply as a "jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)").  To establish jurisdiction, a plaintiff must identify a separate source of law that "can fairly be interpreted as mandating compensation by the Federal Government."  *Navajo II*, 556 U.S. at 290 (quoting *Testan*, 424 U.S. at 400).  Thus, this

Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *Mitchell*, 463 U.S. at 216.

Additionally, this Court's jurisdiction to hear claims for money damages against the United States is not without limitation. In some instances, Congress has vested another federal court with the exclusive right to hear certain money claims against the United States. *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1372 (Fed. Cir. 2005) (citing *Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999)). In such instances, the action does not fall within the Tucker Act and may not be heard in the Court of Federal Claims. *Id.*

When evaluating a motion under Rule 12(b)(1) for lack of jurisdiction, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The Court construes pro se complaints liberally, but still requires that pro se plaintiffs establish the Court's jurisdiction over the matter. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### III.  DISCUSSION

Plaintiff's Complaint brings claims against the United States alleging violations of the Americans with Disabilities Act ("ADA"); the Rehabilitation Act; the Civil Rights Act of 1871; the Civil Rights Act of 1964, 28 U.S.C. §§ 1359, 1361, 1869; and 18 U.S.C. §§ 872, 1001, 1002. ECF No. 1 at 1–3. He alleges that his removal was the result of fraud committed by Postal Service officials and that his MSPB hearing was unfair and involved evidentiary errors. *Id.* at 5–7, 9. The Court must dismiss Plaintiff's Complaint for lack for subject-matter jurisdiction, as the Court's jurisdiction does not extend to the review of MSPB orders, statutory claims that are either within

the exclusive jurisdiction of the federal district courts or that are not money mandating, criminal law claims, and claims barred by the statute of limitations.

### A. The Court Has No Jurisdiction to Review MSPB Final Orders.

Plaintiff principally seeks to challenge the MSPB's decision to sustain his removal from the Postal Service for unacceptable conduct based on the falsification of his employment application. *See id.* at 1. He alleges the evidence presented by the Postal Service before the MSPB "should have been 'deemed inadmissible'" because the evidence was illegally and fraudulently obtained. *Id.* at 5. Plaintiff further alleges that the administrative judge overseeing his case did not ask "pertinent question[s]" at his hearing and failed to consider Mr. Dukes' resume as evidence. *Id.* at 6–7, 9.

Pursuant to 5 U.S.C. § 7513(d), an "employee against whom an action is taken under this section is entitled to appeal to the [MSPB] under [5 U.S.C. §] 7701." 5 U.S.C. § 7513(d). As part of that appeal, the MSPB adjudicates challenges to evidentiary rulings. *See Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988) ("Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials."). It is well established "that the Court of Federal Claims does not have jurisdiction over a case that could be heard by the MSPB." *Pueschel v. United States*, 297 F.3d 1371, 1378 (Fed. Cir. 2002) (citing *McClary v. United States*, 775 F.2d 280, 282 (Fed. Cir. 1985)); *see United States v. Fausto*, 484 U.S. 439, 454 (1988) ("[U]nder the comprehensive and integrated review scheme of the [Civil Service Reform Act], the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an 'appropriate authority' to review an agency's personnel determination."). Moreover, the Federal Circuit has exclusive jurisdiction to review MSPB decisions. *See* 28 U.S.C. § 1295(a)(9) ("The . . . Federal Circuit shall have exclusive jurisdiction of an appeal from a final order or final

decision of the [MSPB.]"); 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."). The Court therefore lacks jurisdiction to review the MSPB's evidentiary rulings or to otherwise review or "re-open" the MSPB decision regarding Mr. Dukes' removal.[1]

### B. The Court Has No Jurisdiction Over Plaintiff's Claims Under the Americans with Disability Act or the Rehabilitation Act.

Plaintiff's Complaint alleges that the United States violated Title III of the ADA by prohibiting him from gaining "equal access to the Public-Accommodations of a 'Fair Hearing,'" by discriminating against him as a disabled veteran, and by providing him with inadequate representation before the MSPB. ECF No. 1 at 2–3, 9, 12. The ADA, however, does not apply to the federal government as an employer and, in any event, district courts have exclusive jurisdiction over ADA claims. *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009) (citing 42 U.S.C. §§ 12111(2), (5), 12112; *Boddie v. United States*, 86 F.3d 1178, 1996 WL 252832 (Fed. Cir. 1996) ("The [ADA] does not cover the federal government."); *McCauley v. United States,* 152 F.3d 948, 1998 WL 224949 (1998) (upholding the Court of Federal Claims' holding that it lacked jurisdiction over an ADA claim because district courts have exclusive jurisdiction over such claims)); *Maclin v. United States*, 121 Fed. Cl. 66, 68 (2015) (dismissing ADA claims because federal district courts have exclusive jurisdiction over them). Accordingly, Plaintiff's ADA claim must be dismissed.

---

[1] While an exception to the Federal Circuit's exclusive jurisdiction over appeals from final orders or decisions of the MSPB exists for "mixed cases" based in part on discrimination, such cases are properly reviewed by federal district courts. *See* 5 U.S.C. § 7702 (granting district courts jurisdiction where a wrongful removal claim is joined with an allegation of discrimination); *see also Perry v. Merit Sys. Protection Bd.*, 582 U.S. 420, 423 (2017) ("mixed claims" must be adjudicated in a United States district court); *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in [5 U.S.C.] § 7702(a)(1) should seek judicial review in district court . . . .").

Plaintiff also alleges that he did not have equal access to fair representation in violation of 29 U.S.C. § 701(c)(2). ECF No. 1 at 2, 9, 12. Claims brought under the Rehabilitation Act may not be heard in this Court, as jurisdiction for such claims lies exclusively with the district courts. *See Sageman v. United States*, 82 Fed. Cl. 367, 371 (2008) ("This court . . . does not have jurisdiction to review claims brought under the Rehabilitation Act of 1973."); *Johnson v. United States*, 97 Fed. Cl. 560, 564 (2011). Because neither the ADA nor the Rehabilitation Act provide a basis for this Court's subject-matter jurisdiction, the Court must also dismiss these claims.

    **C.    The Court of Federal Claims Does Not Have Jurisdiction to Hear Plaintiff's Civil Rights Claims.**

Plaintiff alleges that the United States violated his civil rights under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 1986, and the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et. seq.* ECF No. 1 at 2–3, 6, 11, 12. The Court does not have jurisdiction over civil rights claims based on these provisions. As stated above, where Congress has vested another court with exclusive jurisdiction over a type of claim, this Court lacks subject-matter jurisdiction. Claims based on violations of the aforementioned civil rights laws may be heard only in federal district court. *See* 28 U.S.C. § 1343; 42 U.S.C. §§ 1983, 1988, 2000e–5; *see, e.g.*, *Doe v. United States*, 74 Fed. Cl. 794, 798 (2006) (Section 1983 claims); *Willis v. United States*, 96 Fed. Cl. 467, 470 (2011) (Section 1985 claims); *Stamps v. United States*, 73 Fed. Cl. 603, 609–10 (2006) (Section 1986 claims); *see also Flowers v. United States,* 321 F. App'x 928, 934 (Fed. Cir. 2008) ("To whatever extent [plaintiff] may be asserting his discrimination claims under Title VII of the Civil Rights Act, the Court of Federal Claims . . . lacks jurisdiction over them."). Accordingly, to the extent that Plaintiff's civil rights claims arise under the above-noted statutes, including any allegations related to retaliation for filing a complaint with the Equal Employment Opportunity Commission, they are dismissed for lack of jurisdiction.

### D. The Court Has No Jurisdiction Over Plaintiff's Other Statutory Claims.

Plaintiff also cites several other statutory provisions that allegedly provide this Court with subject-matter jurisdiction. *See* ECF No. 1 at 3, 12. Upon review, none of these statutes confer such jurisdiction.

Plaintiff first alleges the Government acted in violation of 28 U.S.C. § 1359 by colluding to wrongfully remove him from his position with the Postal Service. Section 1359 revokes a district court's jurisdiction where a party "has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. Even assuming a cause of action can be premised on this provision, the Court lacks jurisdiction because § 1359 is not money-mandating. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."). Moreover, to the extent Plaintiff's invocation of this statute is a request for this Court to review the actions of a district court during a prior litigation, the Court lacks jurisdiction to conduct such a review. *See Garcia v. United States*, 629 F. App'x 951, 953 (Fed. Cir. 2015) (per curiam) ("The Court of Federal Claims . . . does not have jurisdiction to review the judgments of the United States district courts or circuit courts.") (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015)).

Plaintiff also claims that the Government violated its duty to him as a federal employee in violation of 28 U.S.C. § 1361. ECF No. 1 at 3. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But the statute also vests original jurisdiction in the district courts to issue writs of mandamus. *Hornback v. United States*, 405 F.3d 999, 1002 (Fed. Cir. 2005). The Court "does not

9

have jurisdiction to issue a writ of mandamus pursuant to 28 U.S.C. § 1361." *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 999 (Fed. Cir. 2017); *see Del Rio v. United States*, 87 Fed. Cl. 536, 540 (2009) ("The Court of Federal Claims lacks jurisdiction to hear mandamus petitions, and therefore, this court may not issue a writ of mandamus . . . ."). Thus, this claim must be dismissed.

Plaintiff lastly claims the Government violated 28 U.S.C. § 1869 by depriving him of a trial by jury. ECF No. 1 at 3. Section 1869 contains only definitions and cannot be read to confer any enforceable rights to Mr. Dukes. *See B.H. v. Johnson*, 715 F. Supp. 1387, 1401 (N.D. Ill. 1989) (stating that it would be "strange for Congress to create enforceable rights in the definitional section of a statute"). Further, even if § 1869 could be read to confer rights, it is not money mandating. *Testan*, 424 U.S. at 400 (statute must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained" (internal quotations omitted)). Accordingly, the Court lacks jurisdiction to adjudicate Plaintiff's § 1869 claim.

### E. The Court Has No Jurisdiction Over Claims Based on Criminal Violations.

Plaintiff also alleges multiple claims against the Postal Service based on criminal violations under 18 U.S.C. §§ 872, 1001, and 1002. ECF No. 1 at 3, 11. It is well established that under the Tucker Act this Court lacks jurisdiction over claims of criminal conduct and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action." (citations omitted)); *see also Vincent v. United States*, 135 Fed. Cl. 561, 563 (2017). Accordingly, the Court dismisses Plaintiff's claims alleging criminal law violations for lack of subject-matter jurisdiction.

### F.        Plaintiff's Claims are Barred by the Statute of Limitations.

Even if the allegations in Plaintiff's Complaint are construed as pleading a claim within the Court's subject-matter jurisdiction, the Court nonetheless lacks jurisdiction because Plaintiff's claims are time-barred by the statute of limitations. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501; *see John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008) (holding that the six-year statute of limitations is a jurisdictional limit on actions in this Court). For purposes of applying the limitations period, a claim against the United States first accrues on the date when "all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Here, Mr. Dukes' removal from the Postal Service, and the MSPB's subsequent decision upholding his removal, occurred approximately 20 years before he filed his Complaint. Because he initiated suit more than six years after his claims first accrued, his claims fall outside of the statutory time limit, and thus the Court's jurisdiction.[2]

## II. CONCLUSION

For these reasons, Plaintiff's action against the United States must be dismissed without prejudice for lack of jurisdiction under RCFC 12(b)(1). Accordingly, the Government's Motion to Dismiss (ECF No. 7) is **GRANTED**, and the Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: December 19, 2023                                             */s/ Kathryn C. Davis*
                                                                                            KATHRYN C. DAVIS
                                                                                            Judge

---

[2] Because the Court does not have subject-matter jurisdiction over Plaintiff's claims, it need not address the Government's res judicata argument.